UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KELLY B.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CASE NO. 3:20-cv-05552-BAT

**ORDER AFFIRMING AND DISMISSING**

Plaintiff appeals the ALJ's decision finding him not disabled for the closed period between October 27, 2017 and February 4, 2019. Docket 22 at 2, and Tr. 34. The ALJ found obesity, coronary artery disease status post bypass surgery, right frozen shoulder, Charcot Marie Tooth Syndrome (CMT), diabetes with peripheral neuropathy and hypertension are severe impairments, Plaintiff has the residual functional capacity to perform light work with additional limitations, Plaintiff cannot perform past work but is not disabled because he can perform other work in the national economy. Tr. 15-24. Plaintiff contends the ALJ misevaluated his testimony and the case should be remanded for further administrative proceedings.

The Court finds the ALJ's determination to discount Plaintiff's testimony is supported by substantial evidence and free of legal error and accordingly **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

ORDER AFFIRMING AND DISMISSING - 1

**DISCUSSION**

The ALJ found Plaintiff's medically determinable impairments could reasonably cause the symptoms he alleged, Tr. 19, and was thus required to provide "specific, clear, and convincing" reasons supported by substantial evidence to reject his testimony. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). Plaintiff's contends the ALJ erred in rejecting his testimony about the impact CMT had on his ability to perform work.

The ALJ found CMT caused foot and ankle problems but was not disabling because although Plaintiff had "weakness in gait" he could ambulate effectively and reported significant improvement in walking in late 2018. Tr. 20. Plaintiff argues the ALJ erred because he failed to account for how CMT causes him to trip and to have lack of "control sideways." Dkt. 22 at 5. Plaintiff is correct the ALJ's determination to discount his testimony on the grounds he can ambulate effectively does not necessarily account for whether he is nonetheless prone to tripping and lacks sideways control. However, assuming the ALJ erred, the error is harmless. First, Plaintiff returned to work in early 2019. He testified in June 2019 that he is still prone to tripping due to CMT unless he stretched. *See* Tr. 42 ("that will happen to this day if I don't stretch for 40 minutes a day."). Plaintiff's ability to work despite continued standing or walking problems caused by CMT undermines his testimony and supports the ALJ's determination.

The ALJ also discounted Plaintiff's testimony about CMT because Plaintiff reported significant improvement in walking in 2018. Tr. 20. Although Plaintiff argues CMT continued to cause walking limitations through 2019, he testified that in 2018 "I did a lot of hiking, a lot of walking, a lot of biking." Tr. 42. The Court thus cannot say the ALJ unreasonably found Plaintiff showed improvement and that his activities do not square with his claimed disabling walking limitations.

And finally, Plaintiff's counsel asked the vocational expert (VE) whether Plaintiff could perform jobs the VE identified if he did not have the "full use of one leg." Tr. 55. The VE testified that work as a Cashier II would be viable with that limitation because the majority of sites for the job require standing only 10 percent or have a sit/stand option. *Id.* Plaintiff argues his balance problems erodes the occupational base and thus the ALJ erred in relying on the VE's testimony. But Plaintiff presents nothing showing the VE is incorrect about the Cashier II job requirements, or that he could not perform a Cashier II job with the balance or tripping limitations caused by CMT. Plaintiff also argues light work requires a good deal of standing and walking. But the VE identified a light job that does not. Plaintiff has the burden of establishing harmful error and has failed to show the ALJ's finding is unsupported or unreasonable.

The Court concludes the ALJ's decision is supported by substantial evidence and free of legal error and accordingly **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

DATED this 3rd day of March 2021.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge